UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>*Plaintiff,*<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, et al.,<br><br>*Defendants.* | Civil Action No. 23-1960 (CKK) |

## **ANSWER**

Defendants, the Centers for Disease Control and Prevention (the "CDC") and the U.S. Department of Health and Human Services ("Department," and collectively with the CDC, the "Defendants"), by and through undersigned counsel, respectfully answer Plaintiff Informed Consent Action Network's complaint (the "Complaint"), ECF No. 1, in this Freedom of Information Act ("FOIA") case. Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants reserve their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

## JURISDICTION AND VENUE[1]

1. This paragraph consists of conclusions of law about subject-matter jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that the Court has subject-matter jurisdiction over actions involving proper FOIA requests and subject to all of the terms and limitations of FOIA.

2. This paragraph consists of conclusions of law, to which no response is required. To the extent any response is required, Defendants admit that venue is proper in this District.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 and they are therefore denied.

4. The allegations contained in Paragraph 4 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that CDC is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is organized within the Department.  Defendants further admit that the CDC has possession, custody, or control of documents responsive to Plaintiff's FOIA request.

5. The allegations contained in Paragraph 5 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admits that HHS is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  Defendants further admit that the HHS has possession, custody, or control of documents responsive to Plaintiff's FOIA request.

---

[1] For ease of reference, the Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## STATEMENT OF FACTS

6. Defendants admit that the CDC published the referenced article. Defendants respectfully refers the Court to the cited articles for a full and accurate statement of their contents and denies any inconsistencies thereof.

7. Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents and denies any inconsistencies thereof.

8. Defendants deny the allegations contained in the first part of Paragraph 8. With respect to the allegations contained in the second part of the Paragraph 8, Defendants respectfully refer the Court to the cited website for a full and accurate statement of its contents and denies any inconsistencies thereof.

9. Defendants admit that Plaintiff submitted a FOIA request dated June 15, 2022. Defendants respectfully refers the Court to the referenced FOIA request for a full and accurate statement of its contents and denies any inconsistencies thereof. Defendants lack knowledge or information about why Plaintiff sent a FOIA request and therefore allegations about Plaintiff's intent are denied.

10. Defendants admit that, on June 15, 2022, Defendants received the FOIA request and assigned it a tracking number. Defendants admit that, on February 10, 2023, Defendants sent plaintiff a final determination letter. With respect to the remainder of the allegations in Paragraph 10, Defendants respectfully refers the Court to the referenced final determination letter for a full and accurate statement of its contents and denies any inconsistencies thereof.

11. Defendants admit that Plaintiff appealed the final determination letter on May 11, 2023. The remainder of this paragraph consists of Plaintiff's characterization of that appeal, to

which no response is required. To the extent any response is deemed required, Defendants respectfully refer the Court to the referenced appeal for a full and accurate statement of its contents and denies any inconsistencies thereof.

12. Defendants admit that, on May 15, 2023, Defendants acknowledged receipt of Plaintiff's appeal. Defendants respectfully refer the Court to the referenced communication for a full and accurate statement of its contents and denies any inconsistencies thereof.

13. Defendants admit that, as of the date Plaintiff filed the Complaint, it has not made a final determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

14. Defendants repeat the responses to the foregoing paragraphs and incorporates them as though fully set forth herein.

15. Paragraph 15 consists of conclusions of law, to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 15

16. Paragraph 16 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff has exhausted administrative remedies.

17. Paragraph 17 consists of Plaintiff's conclusions of law, to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 17.

## COUNT II
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

18. Defendants repeat the responses to the foregoing paragraphs and incorporates them as though fully set forth herein.

19. Paragraph 19 consists of Plaintiff's conclusions of law, to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 19.

20. Paragraph 20 consists of Plaintiff's conclusions of law, to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 20.

## COUNT III
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

21. Defendants repeat the responses to the foregoing paragraphs and incorporated them as though fully set forth herein.

22. Paragraph 22 consists of Plaintiff's conclusions of law, to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 22.

23. Paragraph 23 consists of Plaintiff's conclusions of law, to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 23.

## PRAYER FOR RELIEF

The remainder of the Complaint sets forth Plaintiff's requested prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief at all.

\* \* \*

## DEFENSES

In further response to the Complaint, Defendants raises the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

The Court lacks subject-matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### Second Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions of the FOIA. *See* 5 U.S.C. § 552(b).

### Third Defense

Defendants are not in violation of FOIA.

### Fourth Defense

Plaintiff is not eligible for or entitled to attorney's fees or costs.

**Fifth Defense**

Defendants have exercised due diligence in processing Plaintiffs' FOIA request or exceptional circumstances exist necessitating additional time for Defendants to continue its processing of the request. *See* 5 U.S.C. § 552(a)(6)(C).

Dated: August 9, 2023

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar. #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division

                                            By: _____/s/ Brian J. Levy_____
                                                 BRIAN J. LEVY
                                                 Assistant United States Attorney
                                                 555 Fourth Street, NW
                                                 Washington, DC 20530
                                                 (202) 252-6734

                                            *Attorneys for the United States of America*